United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41653
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN A. GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CR-4-3
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges

PER CURIAM:[*]

John A. Garcia appeals his guilty plea conviction and
sentence for conspiracy to commit bank robbery and possess a
firearm during a crime of violence, aiding and abetting bank
robbery, and aiding and abetting the possession of a firearm
during a crime of violence in violation of 18 U.S.C. §§ 2, 371,
924(c), and 2113(a).

Garcia contends that the district court erred in denying him
an offense-level reduction under U.S.S.G. § 3E1.1 because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleaded guilty prior to trial and affirmatively accepted responsibility for his offense.

Although Garcia pleaded guilty prior to trial, his refusal to elaborate on the circumstances surrounding the bank robbery and his attempts to mitigate his conduct were inconsistent with his claim of responsibility. See United States v. Cabrera, 288 F.3d 163, 177 (5th Cir. 2002). Therefore, the district court's determination that he was not entitled to an offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 was not without foundation. See United States v. Washington, 340 F.3d 222, 227 (5th Cir.), cert. denied, 124 S. Ct. 942 (2003).

Garcia also contends that the district court erred in determining that he had an aggravated role in the offense under U.S.S.G. § 3B1.1(c) because his recruitment of co-defendants Jay D. Simmons and Nicole R. Flores was not sufficient to establish that he was an organizer or leader absent evidence that he exercised control or influence over their activities.

Under U.S.S.G. § 3B1.1(c), a two-level increase to a defendant's offense level is authorized "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). To warrant an adjustment under this section, the defendant must be "the organizer o[r] leader of at least one other participant in the crime and . . . assert control or influence over at least that one participant." United States v. Jobe, 101 F.3d 1046, 1065 (5th Cir. 1996) (citing

United States v. Ronning, 47 F.3d 710, 711-12 (5th Cir. 1995)).
The presentence report provided that Garcia gave Flores the money
necessary to purchase the rifle used to commit the bank robbery,
purchased ammunition for the rifle, recruited Simmons, introduced
Simmons to Flores, followed Simmons and Flores to an area near
the bank, and was to receive a share of the stolen money.  But
for Garcia, Simmons would not have participated in the bank
robbery.  Therefore, the district court's finding that Garcia had
a significant and leadership role in the offense was plausible in
light of the record read as a whole, and Garcia has not shown
clear error.  See United States v. Giraldo, 111 F.3d 21, 24 (5th
Cir. 1997).

Finally, Garcia contends that, in light of the Supreme
Court's decision in Blakely v. Washington, 124 S. Ct. 2531
(2004), his guilty plea was involuntary and his Fifth and Sixth
Amendment rights were violated.  These arguments are foreclosed
by this court's decision in United States v. Pineiro, 377 F.3d
464, 473 (5th Cir.), petition for cert. filed (U.S. July 14,
2004) (No. 04-5263)).

Accordingly, the district court's judgment is AFFIRMED.